UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff,

v.

SAM HAKKI, M.D.,
*et al.*,

        Defendants.
_____/

Case No. 2:21-cv-11940
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART STATE FARM MUTUAL'S MOTION FOR SANCTIONS (ECF No. 228)

This matter came before the Court for consideration of: (1) Plaintiff's motion for sanctions (ECF No. 228) against Advanced Central Laboratory, LLC, Future Diagnostic Center, LLC, and Anwar Baker (the "Lab Defendants"); and, (2) the parties' joint lists of unresolved issues (ECF No. 258). Judge Kumar referred all discovery matters to me pursuant to 28 U.S.C. § 636(b). (ECF No. 145.) A hearing was held on October 22, 2024, at which the Court entertained oral argument regarding the motion. Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>:

Plaintiff's motion for sanctions against the Lab Defendants (ECF No. 228) is **GRANTED IN PART** as outlined below.  All issues not addressed below have been resolved by agreement.

Per the parties' agreement, as memorialized in ECF No. 258, PageID.4623, Advanced Central Laboratory **SHALL PROVIDE** complete answers to Interrogatory Nos. 2, 12, and 13 and Anwar Baker **SHALL PROVIDE** complete answers to Interrogatory Nos. 1, 2, 10, and 11.  Such answers shall be provided by **November 5, 2024**, fully comply with the Federal Rules of Civil Procedure, <u>and be signed under oath</u>.

By **November 5, 2024**, the 30(b)(6) witness identified by Advanced Central Laboratory **SHALL PROVIDE** a signed statement under oath to indicate: (1) what efforts were made to locate the physical copies of the general business ledgers; (2) what efforts were made to locate the financial records, including ledgers, by electronic means, including under QuickBooks; and, (3) what efforts were made to locate the records related to patients under the "List" program.

Because the Lab Defendants did not comply with this Court's April 24, 2024 Order (ECF No. 206, PageID.3926-3927), and because the Lab Defendants did not immediately correct their failure to provide signed discovery responses under oath as required by the Federal Rules of Civil Procedure, the Court **IMPOSES** a monetary sanction in the total amount of **$1000**, which shall be paid by Defendant

Anwar and Advanced Central Laboratory (in the increment of $500 each) by **November 5, 2024**.

Finally, Defendants are **hereby warned** that the Court imposes a $100 *per diem* sanction for every day past **November 5, 2024** that this order is not complied with.

**IT IS SO ORDERED.**[1]

Dated:  October 22, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

3